J-A24031-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KAITLYN N. WOLFEL | : | No. 1357 WDA 2016 |

Appeal from the Order August 19, 2016
in the Court of Common Pleas of Cameron County,
Criminal Division, No(s): CP-12-CR-0000040-2015

BEFORE: MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               FILED DECEMBER 29, 2017

The Commonwealth of Pennsylvania appeals from the Order granting the Motion to Suppress a blood alcohol content ("BAC") test filed by Kaitlyn N. Wolfel ("Wolfel"). We reverse and remand for further proceedings.

On December 21, 2014, Wolfel, while operating her vehicle, was involved in an accident in Cameron County in which her vehicle struck two pedestrians. One of the pedestrians sustained serious injuries, and the other was pronounced dead at the scene. When police arrived, Trooper Josiah Reiner ("Trooper Reiner") asked Wolfel to perform a field sobriety test, which she performed poorly. Wolfel thereafter submitted to a portable breath test, after which she was placed under arrest on suspicion of driving under the influence ("DUI"). The police transported Wolfel to the Cameron County Health Center for a blood test. At the hospital, Trooper Reiner read

Wolfel the O'Connell[1] and implied consent warnings, as contained on the Pennsylvania State Police DL-26 form, after which Wolfel consented to a BAC test. Wolfel was subsequently charged with the following offenses: homicide by vehicle while DUI; aggravated assault by vehicle while DUI; DUI of alcohol or controlled substance; DUI of alcohol or controlled substance with a BAC of .178%; DUI of alcohol or controlled substance; and careless driving.[2]

Prior to trial, Wolfel filed a Motion to Suppress the results of the BAC test based on Birchfield v. North Dakota, 136 S. Ct. 2160 (2016).[3] On August 19, 2016, following a suppression hearing, the suppression court granted Wolfel's Motion, and suppressed all evidence derived from the BAC test. The Commonwealth timely filed a Notice of Appeal pursuant to

---

[1] In Commonwealth v. O'Connell, 555 A.2d 873 (Pa. 1989), the Pennsylvania Supreme Court held that when a motorist is required to submit to chemical testing under the provisions of Pennsylvania's Implied Consent Law, 75 Pa.C.S.A. § 1547, the law enforcement officer making the request has a duty to explain to the motorist that the rights provided by the United States Supreme Court decision in Miranda v. Arizona, 384 U.S. 436 (1966), are inapplicable to a request for chemical testing under the Implied Consent Law.

[2] See 75 Pa.C.S.A. §§ 3735(a); 3735.1(a); 3802(a)(1), (c), (d)(3); 3714(a).

[3] Wolfel had previously filed a Motion to suppress the BAC test on the basis that the sample was drawn after the expiration of the two-hour testing window provided by 75 Pa.C.S.A. § 3802(a)(2). However, that suppression Motion was denied, and is not at issue in this appeal.

Pa.R.A.P. 311(d),[4] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, the Commonwealth raises the following issue for our review: "Did the [trial] court err in suppressing the results of the testing of [Wolfel's] blood[,] after a fatal, suspected DUI motor vehicle accident[,] on the basis of the United States Supreme Court's decision in Birchfield v. North Dakota?" Brief for the Commonwealth at 4 (capitalization omitted).

> When reviewing the grant of a suppression motion, we must determine whether the record supports the trial court's factual findings and whether the legal conclusions drawn from those facts are correct. We may only consider evidence presented at the suppression hearing. In addition, because the defendant prevailed on this issue before the suppression court, we consider only the defendant's evidence and so much of the Commonwealth's evidence as remains uncontradicted when read in the context of the record as a whole. We may reverse only if the legal conclusions drawn from the facts are in error.

Commonwealth v. Haines, 168 A.3d 231, 234 (Pa. Super. 2017) (internal citations and quotation marked omitted). Where the suppression court's factual findings are supported by the record, we are bound by those findings, and may reverse only if the suppression court's legal conclusions are erroneous. See Commonwealth v. Palmer, 145 A.3d 170, 173 (Pa. Super. 2016).

---

[4] Rule 311(d) permits interlocutory appeals where the Commonwealth certifies with its notice of appeal that the trial court's order terminates or substantially handicaps the prosecution.

The Commonwealth contends that, because Birchfield was not decided until June 23, 2016, the warnings in the DL-26 form were valid at the time Trooper Reiner provided them to Wolfel on December 21, 2014. Brief for the Commonwealth at 10. The Commonwealth points out that the United States Supreme Court has recognized a "good faith exception" to the general rule of exclusion of the fruits of illegal police conduct, established in criminal cases as a remedy for searches and seizures deemed illegal under the Fourth Amendment to the United States Constitution, and asserts that this Court should recognize an exception to the exclusionary rule in this case. Brief for the Commonwealth at 10-11 (citing to exceptions recognized in U.S. v. Leon, 468 U.S. 897 (1984),[5] and Illinois v. Krull, 480 U.S. 340 (1987)).[6] The Commonwealth concedes that, in Commonwealth v. Edmunds, 586 A.2d 887, 905-06 (Pa. 1991), our Supreme Court held that

---

[5] In Leon, the Supreme Court held that, where a police officer conducts a search in objective good faith reliance upon a search warrant duly issued by a magistrate or judge, the Fourth Amendment does not require exclusion of evidence found pursuant to the warrant, even if it is later determined that there was no probable cause for the warrant to issue. Leon, 468 U.S. at 926. The Supreme Court considered that the deterrence goal of the federal exclusionary rule based on the Fourth Amendment would not be served by applying it in circumstances where officers have properly relied on a subsequently invalidated search warrant. Id.

[6] In Krull, police conducted a warrantless administrative search pursuant to a state statute, which was later determined to be unconstitutional. Nonetheless, the Supreme Court of the United States held that the good-faith exception to the exclusionary rule applied because the officer acted in an objectively reasonable manner in relying upon the subsequently invalidated statute. Krull, 480 U.S. at 349-51.

Article I, Section 8 of the Pennsylvania Constitution does not incorporate a "good faith exception" to the exclusionary rule. Brief for the Commonwealth at 12. While the Commonwealth does not argue that Edmunds was improperly decided, it argues instead that Edmunds should not apply to the instant case. Id. at 13. The Commonwealth points out that "Birchfield was decided solely on the basis of federal Fourth Amendment jurisprudence[,] and Article I, Section 8 of the Pennsylvania Constitution played no part in that decision." Brief for the Commonwealth at 14. The Commonwealth contends that, because Wolfel couched her suppression Motion solely as a Birchfield issue, this case should be determined upon Fourth Amendment jurisprudence, without consideration of the Pennsylvania Constitution. Id. at 14. The Commonwealth asserts that application of Fourth Amendment jurisprudence, without consideration of Article I, Section 8 of the Pennsylvania Constitution, "would allow for the possibility of a good faith exception to the exclusionary rule as described in Krull and Leon, supra." Brief for the Commonwealth at 15.

In order to understand the issues presented in this case, it is necessary to review the change in the law which prompted Wolfel to file her suppression Motion. When Wolfel was arrested and gave consent to the blood draw, the warnings regarding increased criminal penalties for refusing a blood draw (included in the DL-26 form) were legally correct. However, while Wolfel's case was pending, the Supreme Court of the United States

decided Birchfield, wherein the Court considered whether a blood draw was subject to one of the limited exceptions to the Fourth Amendment's warrant requirement.

In Birchfield, the United States Supreme Court held that, because the taking of a blood sample is a search within the meaning of the Fourth Amendment to the United States Constitution, police officers may not compel the taking of a blood sample without a search warrant, absent an applicable exception. See Birchfield, 136 S. Ct. at 2173, 2185. After concluding that "the search incident to arrest doctrine does not justify the warrantless taking of a blood sample," id. at 2185, the Birchfield Court considered whether implied-consent laws, which require cooperation with blood-alcohol testing as "a condition of the privilege of driving on state roads," could provide an exception to the warrant requirement consistent with the federal constitution. Id. at 2169, 2185-86. The Birchfield Court held that, although implied-consent laws that impose civil penalties and evidentiary consequences for refusing to consent are constitutional, implied-consent laws that "impose criminal penalties" for refusing to consent to a blood test are unconstitutional because "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Id. at 2185-86.

Therefore, in the wake of Birchfield, the DL-26 form warnings read to Wolfel were partially incorrect, insofar as they advised her that she faced

additional charges and/or enhanced penalties if she refused the blood draw. Notwithstanding the issuance of Birchfield, the Commonwealth maintains that the results of Wolfel's blood test withstand suppression since the good-faith exception to the exclusionary rule applies in this case.

Under the good-faith exception, "when the police act with an objectively reasonable good-faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force, and exclusion [is not appropriate]." Davis v. United States, 564 U.S. 229, 238 (2011) (internal quotation marks and citations omitted). The good-faith exception distinguishes the Fourth Amendment of the United States Constitution from its Pennsylvania counterpart since "it is settled that under Article I, Section 8 of the Pennsylvania [C]onstitution, a good[-]faith exception to the exclusionary rule does not exist." Commonwealth v. Frederick, 124 A.3d 748, 756 (Pa. Super. 2015); see also Edmunds, 586 A.2d at 888; Commonwealth v. Arnold, 932 A.2d 143, 148 (Pa. Super. 2007).[7]

Here, as the Commonwealth points out, Wolfel sought suppression

---

[7] Although a concurring opinion authored by a member of this Court suggests that the good-faith exception may apply to exclusionary claims raised under Article I, Section 8 of the Pennsylvania Constitution, in circumstances such as the ones present in this case, see Commonwealth v. Burgos, 64 A.3d 641, 657 (Pa. Super. 2013) (Shogan, J., concurring), the majority in Burgos explicitly rejected this statement, and noted that "the good[-]faith exception does not exist [under] Pennsylvania [law]." Id. at 657 n.22 (citation omitted).

solely on the basis of Birchfield, and did not seek suppression pursuant to Article I, Section 8 of the Pennsylvania Constitution. See Motion to Suppress, 7/25/16, at 1-2 (unnumbered). Moreover, Wolfel's counsel never mentioned the Pennsylvania Constitution at the suppression hearing. See N.T., 8/12/16, at 1-29. When a defendant moves to suppress evidence only under the federal constitution, he or she waives any argument that the evidence should be suppressed under the Pennsylvania Constitution. See Commonwealth v. Rosa, 734 A.2d 412, 420 (Pa. Super. 1999). Thus, because Wolfel failed to raise any argument before the suppression court that suppression was required under the Pennsylvania Constitution, she has waived the argument on appeal. See id.

Having determined that Wolfel waived her argument that suppression was required under Article I, Section 8 of the Pennsylvania Constitution, we turn to whether the blood draw evidence was admissible under the good-faith exception incorporated under the Fourth Amendment's exclusionary rule. In Commonwealth v. Updike, 2017 PA Super 325, 2017 Pa. Super. LEXIS 797 (Pa. Super. 2017), a panel of this Court examined the decisions of courts in other jurisdictions which have found that blood draw evidence collected in circumstances similar to the case sub judice was admissible under the good-faith exception to the exclusionary rule. Id. at *10-11. Based on its review of those decisions, the Updike Court determined that "blood draw evidence obtained pursuant to subsequently-invalidated warning

statements, such as those contained in the DL-26 form, is admissible under the good-faith exception." Id. at *11. Because the defendant in Updike only sought suppression pursuant to the Fourth Amendment, and not Article I, Section 8 of the Pennsylvania Constitution, the Court concluded that the good-faith exception applied. Id. at *12.

Here, as in Updike, at the time of Wolfel's arrest, police were required to read Wolfel the warnings contained in the DL-26 form, which this Court and our Supreme Court had consistently upheld as constitutional. See id. at *10-11. Police officers in Pennsylvania had no reason to believe that the Supreme Court of the United States would render the statute at issue unconstitutional in Birchfield. Id. at *11. As such, the blood draw evidence was admissible under the good-faith exception to the Fourth Amendment, the only ground raised for suppression by Wolfel. Accordingly, we conclude that the suppression court erred by granting Wolfel's suppression Motion. We therefore reverse the suppression court's Order, and remand for further proceedings consistent with this Memorandum.[8]

Order reversed. Case remanded for further proceedings. Superior Court jurisdiction relinquished.

---

[8] Notably, had Wolfel's counsel raised Article I, Section 8 of the Pennsylvania Constitution as a basis for suppression of the BAC test, we would have affirmed the suppression court's Order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2017